**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ERIN ROBERTSON, individually and on behalf of classes of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MODERNIZE, INC.<br><br>Defendant. | : | Case No. 1:24-cv-1077<br><br><br><br><br><br>JURY DEMANDED |

______________________________________/

# CLASS ACTION COMPLAINT

Plaintiff Erin Robertson ("Plaintiff Robertson" or "Robertson") brings this Class Action Complaint and Demand for Jury Trial against Defendant Modernize, Inc. ("Modernize"). Plaintiff Robertson, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Erin Robertson is an individual.

2. Defendant Modernize, Inc. is a Texas corporation with its headquarters in this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District since the Defendant is headquartered in this District.

**INTRODUCTION**

5. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

6. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against

invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

7. Plaintiff Erin Robertson alleges that Modernize, Inc. ("Modernize") made unsolicited telemarketing calls to her residential telephone number that is listed on the National Do Not Call Registry.

8. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

9. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

10. The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

13. Modernize generates potential customers for its home renovation clients.

14. To generate leads, Modernize makes telemarketing calls to consumers who have never had a relationship with them and who have never consented to receive their calls.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff's telephone number, (XXX) XXX-4337, is a non-commercial telephone number not associated with any business.

17. Plaintiff's telephone number, (XXX) XXX-4337, is used for personal residential purposes only.

18. Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2023.

19. Despite this, the Defendant placed more than 5 telemarketing calls to the Plaintiff from telephone numbers (775) 277-3179.

20. Modernize was attempting to reach Ms. Robertson to promote its home repair lead generation services.

21. By doing so, it intended to solicit Ms. Robertson for the home renovation services that are offered by its clients.

22. The Plaintiff did not make an inquiry regarding home renovation.

23. Plaintiff's privacy has been violated by the above-described telemarketing calls.

24. The Plaintiff never provided her consent or requested these calls.

25. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed.

26. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

27. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

28. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint through the date of trial.

This is referred to as the "Class".

29. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30. The Class as defined above are identifiable through phone records and phone number databases.

31. The potential members of the Class number at least in the thousands.

32. Individual joinder of these persons is impracticable.

33. The Plaintiff is a member of the Class.

34. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. Plaintiff's claims are typical of the claims of members of the Class.

36. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

39. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

40. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

41. The Defendant's violations were negligent, willful, or knowing.

42. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

43. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff Robertson requests a jury trial.

DATED this 11th day of September, 2024.

**ERIN ROBERTSON**, individually and on behalf of all others similarly situated,

PLAINTIFF,
By her attorneys,

*/s/ Leland Garrett McRae*

Leland Garrett McRae
State Bar No. 24086374
1150 N. Loop 1604 W, Ste. 108-461
San Antonio, Texas 78248
(248) 420-4042
(210) 493-6080 (fax)
leland@lelandmcrae.com